IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RHEGANNE VAUGHN,

        Plaintiff,

vs.                                No. _____

BOARD OF COUNTY COMMISSIONERS OF CIBOLA COUNTY,
EDWARD MICHAEL, WALTER JARAMILLO, ANTONIO
GALLEGOS, LLOYD FELIPE, and PATRICK SIMPSON,

        Defendants

## COMPLAINT FOR BREACH OF EMPLOYMENT CONTRACT

Plaintiff Rheganne Vaughn for her Complaint against the Board of County Commissioners of Cibola County (herein the "Board"), Edward Michael, Walter Jaramillo, Antonio Gallegos, Lloyd Felipe, and Patrick Simpson states as follows:

1. Plaintiff is a resident of Cibola County, New Mexico.

2. Defendant Board is a public entity organized under the laws of New Mexico and located in New Mexico.

3. Defendants Edward Michael, Walter Jaramillo, Antonio Gallegos, Lloyd Felipe and Patrick Simpson (herein the "Individual Defendants") are residents of Cibola County, New Mexico.

4. Plaintiff brings this Complaint against the Individual Defendants in their individual capacities.

5. At times material to the Complaint, the Individual Defendants were each a member of the Board.

6. All actions of Individual Defendants alleged herein were performed under color of state law while acting as a members of the Board.

7. The events giving rise to Plaintiff's claims occurred in Cibola County, New Mexico.

8. Jurisdiction and venue are proper in this court.

9. Plaintiff was employed by Cibola County in the position of Chief Operations Officer/Assistant County Manager.

10. Cibola County entered into an Employment Agreement with Plaintiff's, effective July 1, 2013 (herein the "July 1, 2013 Employment Agreement").

11. Paragraph 3 of the July 1, 2013 Employment Agreement provides that Plaintiff's employment position "is not an at-will position".

12. Paragraph 11 of the July 1, 2013 Employment Agreement states that "[p]ursuant to Ordinance 06-02, all progressive discipline and due process procedures will precede any termination action, and termination will be for cause only."

13. In May, 2014, the Board approved at an open meeting an employment contract with Plaintiff with an effective date of May 29, 2014 (herein the "May 29, 2014 Employment Agreement").

14. The May 29, 2014 Employment Agreement term, Paragraph 4, states that this Contract is "for a term of two and one-half years (2 ½) years [sic], with an automatic renewal for an additional two (2) years unless notice of non-renewal is given ninety (90) days prior to the date of renewal."

15. The May 29, 2014 Employment Agreement, Paragraph 11, termination clause states that "[i]f the Board shall terminate the Agreement, Vaughn shall receive the balance of this contract and all accrued vacation and sick leave at her regular salary…."

16. Both the July 1, 2013 and the May 29, 2014 Employment Agreements, paragraph 1(C), provides that "[i]f any provision, or any portion thereof, contained in the Agreement is held unlawful, invalid or unenforceable, the remainder of this Agreement, or portion thereof, shall be deemed se[ver]able, shall not be affected and shall remain in full force and effect."

17. Both the July 1, 2013 and the May 29, 2014 Employment Agreements require Plaintiff to reside in Cibola County.

18. Based upon residence clause of her Employment Agreements, Plaintiff relocated from Deming, New Mexico to Cibola County, New Mexico.

19. The Cibola County Personnel Policies, Section 701(B) provides that any "disciplinary action shall be based on just cause."

20. Plaintiff had a constitutionally recognized property interest in her employment position with the Board.

21. On Saturday evening, May 31, 2015, at approximately 10:00 p.m., Plaintiff was arrested for DWI.

22. At the time of her arrest, Plaintiff was not performing any work duties on behalf of the Cibola County.

23. At the time of her arrest, Plaintiff was not at the work premises of Cibola County.

24. At the time of her arrest, Plaintiff was in a privately owned vehicle.

25. At the time of her arrest, Plaintiff was not on duty as an employee of Cibola County.

26. Plaintiff's arrest for DWI did not impair her ability to complete her job duties.

27. On June 14, 2014, the Board terminated Plaintiff's employment.

28. Each of the Individual Defendants was a decisionmaker in the decision to terminate Plaintiff's employment.

29. Each of the Individual Defendants voted in favor of terminating Plaintiff's employment.

30. The Board's reason for terminating Plaintiff's employment was that Plaintiff violated Section 2.1.2 of the Cibola County Drug and Alcohol Policy and Chapter 4, Section 404(4)(B) of the Cibola County Personnel Policies. These two polices are identical and each prohibits: "[a]buse of drugs or alcohol, i.e., to the extent that the employee's job performance, the safety of County citizens and/or the reputation of the County government are negatively affected."

31. A County ordinance or policy that is inconsistent with New Mexico state law is invalid.

32. The New Mexico Criminal Offender Employment Act, NMSA §28-2-1 et seq. allows a public entity to revoke public employment only where (i) the employee has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction relates directly to the particular employment; (ii) the employee has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction does not relate directly to the particular employment and the board or other agency determines after investigation that the person so convicted has not been sufficiently rehabilitated to warrant the public trust.

33. Under New Mexico law, it is arbitrary and capricious for a New Mexico public employer to terminate one public employee for a DWI arrest when it does not impose the same

discipline on similarly situated employees, when the DWI arrest is unrelated to the employees work duties, and without a showing that the employee cannot be rehabilitated. *In re Termination of Kibbe*, 2000 NMSC 006; *Sais v. New Mexico Dept. of Public Corrections*, 2012 NMSC 009; NMSA 1978 § 28-2-4.

COUNT I – BREACH OF CONTRACT: July 1, 2013 Contract

34. The Board breached the July 1, 2013 Employment Agreement by terminating Plaintiff's employment without just cause.

35. The Board breached the July 1, 2013 Employment Agreement by terminating Plaintiff's employment in violation of the COEA.

36. The Board breached July 1, 2013 Employment Agreement by denying Plaintiff progressive discipline.

37. The Board breached July 1, 2013 Employment Agreement by denying Plaintiff the due process procedures required by the Cibola County Personnel Policies, Chapter 7 and 8, including the following:

i) denying an initial review by the Human Resources Director to verify if there is just cause, as required by Cibola County Personal Policy Section 701 (B);

ii) terminating Plaintiff without a showing of just cause, as defined under New Mexico law, where Defendants did not terminate other employees who were arrested for DWI.

iii) denying Plaintiff copies of the documentation upon which the County relied, as required by Cibola County Personal Policy Section 702;

iv)  failing to give Plaintiff advance notice of the grounds for termination as required by Cibola County Personal Policy Section 703(E);

v)  denying Plaintiff a hearing before an impartial decision making;

vi)  denying Plaintiff an opportunity to submit written response and to tape record the hearing, as required by Cibola County Personal Policy Section 703(E);

vii)  failing to advise Plaintiff of her appeal rights as required by Cibola County Personal Policy Section 703(E) and 801(B);

viii)  denying Plaintiff an opportunity to file an administrative appeal/post termination hearing as required by Cibola County Personal Policy Section 703(F), 704(E) and 801(B);

ix)  denying Plaintiff the assistance of counsel and, the opportunity to present witnesses and documentary evidence at a termination hearing.

COUNT II – BREACH OF CONTRACT: May 29, 2014 Contract

38.  The Board breached Plaintiff's May 29, 2014 Employment Agreement by denying her due process, as alleged above.

39.  The Board breached the May 29, 2014 Employment Agreement by failing to pay Plaintiff according to the terms of the Contract, paragraphs 4 and 11.

40.  The Board breached the May 29, 2014 Employment Agreement by terminating Plaintiff's employment in violation of the COEA.

COUNT III – VIOLATION OF THE CRIMINAL OFFENDER EMPLOYMENT ACT

41.  Defendants violated by New Mexico Criminal Offender Employment Act by terminating Plaintiff's employment for an arrest for DWI.

42. Defendants violated by New Mexico Criminal Offender Employment Act by terminating Plaintiff's employment for an alleged criminal act that does not involve moral turpitude.

43. Defendants violated by New Mexico Criminal Offender Employment Act by terminating Plaintiff's employment for an alleged criminal act that does not relate directly to her employment.

44. Defendants violated by New Mexico Criminal Offender Employment Act by terminating Plaintiff's employment for an alleged criminal act without considering whether Plaintiff had been successfully rehabilitated, and without establishing that she has not been successfully rehabilitated.

## COUNT IV – SUBSTANTIVE DUE PROCESS

45. Defendants' termination of Plaintiff was arbitrary, capricious and without a rational basis.

46. Defendants' actions that where a public employee may be terminated only for cause, the termination of such employee for reasons that are arbitrary, capricious or without a rational basis violates the employee's substantive due process rights.

47. Defendants' termination of Plaintiff violated Plaintiff's substantive due process rights afforded to her under the United States Constitution.

## COUNT V– VIOLATION OF THE EQUAL PROTECTION CLAUSE

48. Defendants terminated Plaintiff for an off duty, non-work related DWI arrest and retained other county employees who committed similar or worse infractions.

49. Defendants treated Plaintiff differently because she is female and was not a part of the "good old boy" network that was pervasive within the Cibola County workplace culture.

50. The law was well established at the time of Defendants' actions as alleged herein that it is a violation of the Equal Protection Clause of the United States Constitution to treat similarly situated persons differently, in the context of employment where the differing treatment is based upon class based distinctions.

### COUNT VI – BREACH OF IMPLIED CONTRACT

51. The Cibola County Personnel Policy Chapters 7 and 8 imposes a contractual obligation on the part of the Board to provide the procedural protections stated therein when terminating a County employee.

52. Plaintiff has an implied contractual right to the procedures stated in the Personnel Policy Chapters 7 and 8.

53. The Board failed to provide the procedures stated in Personnel Policy Chapters 7 and 8, as described more specifically in paragraph 37 above.

54. By failing to afford Plaintiff the procedures stated in Personnel Policy Chapters 7 and 8, Defendant Board breached an implied contract with Plaintiff.

### COUNT VII- VIOLATION OF THE DUE PROCESS CLAUSE

55. Plaintiff had a property right in her employment, which property right was defined by the terms July 1, 2013 Employment Agreement, May 29, 2014 Employment Agreement the of the Cibola County Personnel Policy.

56. Defendants violated Plaintiff's procedural due process rights by denying her the property interests defined in July 1, 2013 Employment Agreement, May 29, 2014 Employment Agreement the of the Personnel Policy Chapters 7 and 8, without affording her due process, as alleged in Paragraph 37 above.

COUNT VIII – VIOLATION OF THE DUE PROCESS CLAUSE – VOID FOR VAGUENESS

57. Defendants based their termination decision on a Personnel Policy that allows for termination based on the abuse of drugs or alcohol to the extent "the reputation of the County government [is] negatively affected."

58. The Personnel Policy provision relied upon by Defendants to support Plaintiff's termination is stated in terms so vague that persons of common intelligence must necessarily guess at their meaning and differ as to its meaning.

59. The Personnel Policy provision relied upon by Defendants to support Plaintiff's termination are so vague as applied to off duty activities unrelated to Plaintiff's work that they did not fairly communicate to Plaintiff that she could be terminated for such conduct.

60. The Personnel Policy provision relied upon by Defendants to support Plaintiff's termination are unconstitutionally vague pursuant to the Due Process Clauses of the United States Constitution and the New Mexico Constitution.

COUNT IX – EQUAL PAY ACT

61. During the entire period of her employment with the County, because of the non-attendance at work and later official leave taken by County Manager Scott Vinson, Plaintiff performed the duties and responsibilities of the County Manager.

62. Plaintiff was paid substantially less than male employees, including Scott Vinson and Tony Boyd, who performed the same duties and responsibilities.

63. Defendant Board's lesser payment to Plaintiff for performing the same duties and responsibilities as similarly situated male employees violates the Equal Pay Act.

## DAMAGES

64. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered lost front pay and back pay, lost retirement benefits, and other lost employment benefits.

65. As a direct and proximate result of Defendants' wrongful acts, Plaintiff incurred attorney fees and litigation costs.

66. The wrongful acts of the individual Defendants involve reckless and callous indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

67. As to each count of the Complaint, Plaintiff incorporates by reference all allegations of the Complaint.

WHEREFORE, Plaintiff seeks entry of judgment in her favor for damages in an amount to be determined at trial; for declaratory relief that Defendants violated Plaintiff's constitutional rights, as well as violated her rights under the New Mexico Criminal Offender Employment Act; for her costs and attorney fees; post-judgment interest; punitive damages; and for such further relief as the Court deems just and proper.

Respectfully submitted,

SMIDT, REIST & KELEHER

By   s/ Michael Carrico
    Michael Carrico
    4811-A Hardware Dr, NE, Suite 4
    Albuquerque, NM 87109
    Telephone: (505) 830-2200
    *Attorneys for Plaintiff*